IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY ELIZABETH LEE                                                                    PLAINTIFF

vs.                                              Civil No. 2:17-cv-02204

NANCY A. BERRYHILL                                                                   DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mary Elizabeth Lee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her deceased husband Steve Allen Lee's[1] application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed his disability application on September 18, 2015. (Tr. 18). In his application, Plaintiff alleges he is disabled due to an on-the-job injury to his lower back, shoulder,

---

[1] Mr. Lee died during the pendency of this suit. ECF No. 14. Thus, his widow, Mary Elizabeth Lee, was substituted as Plaintiff in this action. Throughout this opinion, however, the Court will refer to "Plaintiff" as Mr. Steven Allen Lee because this lawsuit arises from his application.

[2] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

and neck. (Tr. 199). Plaintiff alleges an onset date of July 28, 2015. (Tr. 18). This application was denied initially and again upon reconsideration. (Tr. 80-101).

Plaintiff requested an administrative hearing on his denied application. (Tr. 110-111). This hearing request was granted, and Plaintiff's hearing was held on August 30, 2016 in Fort Smith, Arkansas. (Tr. 32-79). At this hearing, Plaintiff was present and was represented by counsel, Iva Neil Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Deborah Steele testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision denying his disability application. (Tr. 15-31). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 20, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 28, 2015, his alleged onset date. (Tr. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments: thoracic and lumbar degenerative disc disease; and residuals of a remote left shoulder injury. (Tr. 20, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-21, Finding 4).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 25, Finding 8). The ALJ also determined Plaintiff was fifty-three (53) years old, which is defined as an "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) on his alleged disability onset date. (Tr. 25, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 21-24, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

2

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is able to perform occasional overhead reaching with his left arm.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 25, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 25-26, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a case aide (semi-skilled) with 136,980 such jobs in the nation; membership solicitor (semi-skilled) with 147,980 such jobs in the nation; and telephone bill collector (semi-skilled) with 114,130 such jobs in the nation. Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 28, 2015 through the date of his decision or through November 3, 2016. (Tr. 26, Finding 11).

Plaintiff sought review with the Appeals Council. On September 8, 2017, the Appeals Council denied this request for review. (Tr. 1-7). On November 1, 2017, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 12-13. This case is now ready for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (A) the ALJ failed to properly develop the evidence in the record; (B) the ALJ failed to consider evidence which detracted from his findings; (C) the ALJ failed to follow the proper legal standards; and (D) the ALJ failed to satisfy his burden at Step Five of the Analysis. ECF No. 12 at 1-19. The Court will address all four of these arguments.

   A. **Development of the Record**

Plaintiff claims the ALJ did not properly develop the record, and his "psychological impairments" were not fully explored. ECF No. 12 at 9-11. Plaintiff claims the ALJ was unable "to make an informed decision without a psychological CE"; as such, the ALJ should have ordered a psychological CE. *Id.*

Upon review of this argument, the Court finds no basis for reversal on this issue. For this Court to reverse Plaintiff's case based upon this issue, Plaintiff must demonstrate prejudice from the

5

ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand"). Here, Plaintiff has not demonstrated he was prejudiced by the ALJ's failure to develop the record in this case. ECF No. 12 at 9-11. Thus, the Court cannot reverse and remand this case based upon this issue.

### B.     Subjective Complaints

Plaintiff claims the ALJ ignored several of his limitations in assessing his RFC. ECF No. 12 at 11-12. Specifically, Plaintiff claims the ALJ entirely ignored the side effects of his medication, his fatigue, and his need to alternate sitting and standing. *Id.* Upon review, the Court finds these are subjective complaints which the ALJ found were not credible. Accordingly, the Court will consider the ALJ's evaluation of Plaintiff's subjective complaints.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated his medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

> After carefully considering the entire record in this matter, including the testimony of the claimant, I conclude that the claimant retains the residual functional capacity to perform "light" work. The residual functional capacity assessment is supported by the claimant's own testimony that he continued to work for seven years after his back injury in 2008, which is inconsistent with disabling pain. The residual functional capacity is also supported by evidence documenting the claimant's impairments were improved with treatment. The claimant's testimony in regard to his improvement was contradictory, and he provided no evidence he required back or shoulder surgery. Furthermore, an MRI performed January 2016, showed no spinal stenosis. Dr. Noonan found he was improved and advised him to be "up as much as possible."

(Tr. 24). Based upon these inconsistencies, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

## C. Proper Legal Standards

With this argument, Plaintiff claims the ALJ erred in assessing the following: (1) his credibility, (2) the opinions of treating physicians, and (3) his RFC. ECF No. 12 at 12-18. The Court will address each of these separately.

First, as outlined above, the Court has found no basis for reversing the ALJ's credibility assessment or the assessment of Plaintiff's subjective complaints. Thus, the Court will not address this issue further.

Second, Plaintiff argues the ALJ improperly assessed the opinions of his treating physicians. ECF No. 12 at 14-16. In making this argument, Plaintiff only outlines his impairments ("ongoing, chronic pain in his back, shoulder, neck, leg and feet") and the pain medication he is taking ("Hydrocodone," a "narcotic pain medication for many years"). ECF No. 12 at 15-16. Plaintiff does not provide specific opinions or findings which the ALJ improperly discounted. Indeed, the mere fact Plaintiff has been diagnosed with impairments and limitations or takes pain medication does not establish he is disabled. As outlined above, the ALJ restricted Plaintiff to only performing a limited range of light work. (Tr. 21, Finding 5). Thus, the ALJ *did place* restrictions on Plaintiff due to his impairments.

Third, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not include Plaintiff's "persistent fatigue, his back pain, shoulder pain, neck pain, weakness, numbness and pain in arms and legs, his inability to relate to others, his faulty memory and

8

side effects to medication" in his RFC determination. ECF No. 12 at 17. Upon review, with this argument, Plaintiff is again attacking the ALJ's credibility determination. As recognized above, the Court finds no basis for reversal on this issue.

### D. Step Five Determination

As his final argument, Plaintiff claims the ALJ did not meet his burden at Step Five of the Analysis. ECF No. 12 at 18-19. With this argument, Plaintiff argues the ALJ improperly assessed his RFC; and with that flawed RFC, the ALJ improperly found Plaintiff could perform other work existing in significant numbers in the national economy. *Id.* As outlined above, however, the Court finds no error with the RFC determination. Thus, the Court likewise finds no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE